Welles, J.
 

 By section 3, of the act of 1836 (ch. 241) incorporating the Genesee Mutual Insurance Company, it was declared that the corporation thereby created should, possess all the powers and privileges, and be subject to all the restrictions and limitations which were granted to and imposed upon “ The Jefferson County Mutual Insurance Company,” by the act incorporating that company, passed March 8th, 1836. (Id., eh. 41.) By the 2d section of the last mentioned act, all persons who should thereafter insure with the corporation should thereby become members thereof during the period they should remain so insured, and no longer.
 

 The 8th section of the same act provides that every member of the company shall be bound to pay for losses, &c., in proportion to the deposit note. The section then declares that the buildings insured, and the right, title and interest of the assured
 
 *138
 
 to the land, on which they stand, shall be pledged to the com--. pony; which shall -have a lien thereon in the nature of a mortgage to the amount of the deposit note, which shall continue during his policy; such lien to take effect whenever the company shall file, and shall have entered, &c., a memorandum of the name of the individual insured, a description of the property, the amount of the deposit note, and the term for which the policy shall continue.
 

 The position taken by the appellant, is, that upon the destruction of the insured property, and the payment by the company of the insurance, he no longer remained a member of the company, or liable to. contribute to any losses, &o.,_ that might thereafter occur, although the time for which the policy issued had not expired.
 

 The substance of the argument is, that when the property was destroyed the risk was at an end, and with it the relation ’ of assurers and assured between the parties; and that upon the termination of such relation, the defendant, by force of the 2d section of the act, ceased to be a member of the corporation; and as by the 8th section, none but members of corporations are liable to pay for losses, the appellant is not liable for losses arising after he so ceased to be a member of the company.
 

 Upon a careful examination and consideration, however, of the foregoing, with other sections of the act, I am satisfied that such was not the intention of the Legislature.
 

 In the first place, it should be remembered that by the éxpress terms of this contract of insurance, the liability of the parties was continuous, running through five years; that of the plaintiff was onerous upon them, in proportion to the time during which the policy by its terms was to continue. Upon the general principles of insurance, they could afford to take the risk for one year only at just one-fifth of the premium that they could afford to take it for five years, and in the same proportion for a longer or shorter period. There may be considerations which would justify taking risks for long periods at premiums less in proportion than for short periods; such, for example, as getting a larger amount of capital pledged in depo
 
 *139
 
 sit notes, securing the patronage of the assured for a longer period, saving the expense of new policies, &c.; but none, which affect the principle stated. The actual risk, as a general rule, is increased upon a given piece of property exactly in proportion to the time it is to continue. In this respect there is no difference between mutual insurance and stock campa-. nies. It would, therefore, be manifestly unequal and inequitable to release the defendant from his engagement before the expiration of the time for which, by the terms of his undertaking, it was to continue, because the contingency has happened which was to render absolute the plaintiff's liability to the utmost extent which the contract contemplated. It would be, in effect, to release the defendant from a portion of his obligation, when- the whole of it' was the consideration of the plaintiff’s engagement, because the latter have performed to the last extremity the whole obligation to which, by the terms in their contract, they could in any event be subjected. The injustice of such construction is illustrated by supposing a company to consist of one hundred members, each of whom has an insurance of $1,000 for five years, all taken-at the same time, and each having given a deposit note for $1,000. A total loss happens to one of the members at the end of one week from the commencement of the five years. The members pay this loss by a contribution of $10 each. Immediately afterwards another member sustained a total loss, which, according to the defendant’s argument, must be paid by the remaining ninety-nine members: Suppose like losses continue to occur at short intervals until they amdunt in the aggregate to a sum sufficient to exhaust the whole amount of'deposit notes, which, on the principle contended for, remained in force. A computation will demonstrate that when sixty-four such losses should be paid, to say nothing of expenses, the whole capital of $100,000, being the total amount of the original deposit notes, would be used up, and the policies of the remaining thirty-six members be entirely worthless.
 

 The case supposed is a strong and plain one, but it shows the working of the rule contended for more or less palpably
 
 *140
 
 in every ease, and exhibits a scheme anything but mutual or equitable.
 

 If it should be said that the 11th section of the act contains provisions for the payment of losses after the amount collected on the deposit notes is exhausted, the answer is, in the first place, that such provisions are liable to be entirely inadequate, and would always be found less prompt and advantageous to the sufferer than a direct resort to the capital secured by the deposit notes.
 

 But in the second place, the conclusive answer is, that the assessment thereby authorized is to be on the members of the company, who, according to the defendant’s argument, aré only those who remain insured, and do not include such persons as have sustained total losses. But the adt under which this company was incorporated, upon a fair interpretation arid a comparison of its several sections, will not be'found to lead to any such unreasonable result as, it seems to me, the defendant’s position tends to establish.
 

 By section 6, every person becoming a member of the corporation, by effecting insurance therein, shall, before he receives his policy, deposit his promissory note for such sum as the directors shall determine; a part, not exceeding five per cent thereof, to be immediately paid, and the remainder of the note shall be payable in part or in whole at any time when the directors shall deem the same requisite for the payment of losses by fire, and such incidental expenses as shall be necessary for transacting the business of the company; and at the expiration of the term of insurance, the said note, or such part of the same as shall remain unpaid after deducting all losses and expenses occurring during said term, shall be given up to the maker thereof. • • The words “ term of insurance ” evidently refer to the term of time for which, by the policy, the insurance should continue. They will certainly bear such construction without violating their ordinary and popular sense, and it is what I have no doubt the Legislature intended. "
 

 The 7th and 11th sections contain provisions by which per; sons insured might terminate their liability to contribute to the
 
 *141
 
 payment of losses before the expiration of the time for which they were insured. By section 7 it may be done by alienating the property insured, and by section 11, by payment of the whole of the deposit note, and surrendering the policy before any subsequent loss or expense has occurred. There is nothing else to be found in the act providing for or contemplating the termination of the liability of a member or person who becomes insured, prior to the expiration of the time for which, by the terms of his policy, the insurance is to continue. This circumstance adds force to the argument in favor of the continued liability of a member during the whole time for which he became insured. '
 

 In this and most, if not .all, mutual insurance companies, every person insured becomes a corporator, with stock in the corporation to the amount of. his deposit notes. These notes constitute the capital stock of the company, upon which it relies for the payment of losses and expenses; and the members have no right to withdraw themselves or the stock thus held by them from the company, before the time for that purpose provided in the contract of insurance, except in'the two cases provided in sections 7 and 11 before referred to.
 

 By the 10th section of the act under consideration, if a member neglects' the payment of one assessment for thirty days after notice, the directors may sue for and recover the whole amount of his deposit note or notes with costs; and the amount thus collected shall remain in the treasury of the company, subject to the payment of such losses and expenses as have or may thereafter accrue; and the balance, if any remain, shall be returned to the party from whom it was collected, on demand, after thirty days from the expiration of the time for which the insurance was made, These provisions are inconsistent with the idea of a termination of the liability, of the maker of a deposit note, upon a total loss being sustained by him.
 

 • By the defendant’s theory, the individual the whole amount of whose deposit note had been collected under the above 10th-section, should be entitled to have his money thus collected, or
 
 *142
 
 such part of it as was not applicable to the payment of losses and expenses then accrued, refunded, whenever the property embraced in his policy should be totally destroyed. But that would be a plain violation of the section last referred to.
 

 The case of
 
 Wilson
 
 v.
 
 The Trumbull Mutual Fire Insurance Company
 
 (7 Harris Pa. R., 372), is cited and relied upon by the appellant’s counsel, as an authority in support of his position. That case may have- been well decided, if the defendants’ charter contained a provision similar to that embraced in the 7th section of the act under which the company represented by the plaintiff was incorporated, in relation to alienating the insured property. In the case referred to, the assured had sold the property insured before the loss happened for which he ivas assessed, which, the court held, dissolved his relation with the company as a member, and consequently terminated his responsibility on his deposit note. It will be perceived, therefore, that it is not applicable to the present case.
 

 The foregoing are among the considerations which have led me to the conclusion, that by a fair and correct interpretation of the 2d section of the act, persons insured in the company respectively remain members of the corporation during the time their policies, by their terms, are to continue, and that such membership is not terminated by a total loss of the property insured. Such construction is no violation of the terms of the section; is necessary to avoid inconsistency with other sections, and is in harmony with the scope and spirit of the whole act.
 

 I am, therefore, of the- opinion that the judgment appealed from should be affirmed.
 

 Comstock, Oh. J., Selden, Davies, Clebke, Weight and Bacon, Js., concurred,